# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DAWN A. LEONARD, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | No. C14-00130-LTS <br><br> **MEMORANDUM OPINION AND ORDER** |

Plaintiff Dawn A. Leonard seeks judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for Social Security disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act). Leonard contends that the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that she was not disabled during the relevant period. For the reasons that follow, the Commissioner's decision will be affirmed.

## I. BACKGROUND

Leonard was born in 1967 and has a high school education. AR 220. She has previously worked as a cleaner and sales attendant. The Administrative Law Judge (ALJ) determined that she is able to perform those past jobs. Finding 6; AR 22.

Leonard filed her application for DIB on November 18, 2011, alleging a disability onset date of November 4, 2011. AR 12, 185. She contends that she is disabled due to a disorder of the back with low back pain; status post breast cancer, in remission; and an affective disorder. AR 14. Leonard's claims were denied initially and on

reconsideration. AR 83, 90. She then requested a hearing before an ALJ. ALJ Julie Bruntz conducted a hearing on July 18, 2013. AR 12, 28. On August 19, 2013, the ALJ issued a decision denying Leonard's claim. AR 9. Leonard sought review by the Appeals Council, which denied review on October 3, 2014, leaving the ALJ's decision as the final decision of the Commissioner. AR 1.

On December 4, 2014, Leonard filed a complaint (Doc. No. 3) in this court seeking review of the Commissioner's decision. On January 21, 2015, with the consent of the parties (Doc. No. 6), the Honorable Linda R. Reade transferred this case to me for final disposition and entry of judgment. The parties have now briefed the issues and the matter is fully submitted.

## II. *DISABILITY DETERMINATIONS AND THE BURDEN OF PROOF*

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *accord* 20 C.F.R. § 404.1505. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. § 404.1520; *see Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707; *see also* 20 C.F.R. §§ 404.1520(c), 404.1521(a).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." *Id*. § 404.1521(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* § 404.1521(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (internal quotation marks omitted).

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant

work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1545(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." *Id.* § 404.1545(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *Id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv).

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show that there is other work that the claimant can do, given the claimant's RFC as determined at Step Four, and his or her age, education, and work experience. *See Bladow v. Apfel*, 205 F.3d 356, 358-59 n.5 (8th Cir. 2000). The Commissioner must show not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). At Step Five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

## III. ALJ'S FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since November 4, 2011, the alleged onset date.

3. The claimant has the following severe impairments: Disorder of the Back with Low Back Pain; Status Post Breast Cancer, in Remission; and Affective Disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) in that the claimant can occasionally lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand or walk for six hours in an 8-hour workday; sit for six hours in an 8-hour workday; push and pull, including the operation of hand and foot controls, is unlimited within the weight limits set forth for lifting and carrying; never climb ladders, ropes or scaffolds, but occasionally climb ramps and stairs; and frequently balance, but only occasionally stoop, kneel, crouch and crawl. Additionally, the claimant is limited to simple, routine tasks.

6. The claimant is capable of performing past relevant work as a cleaner (DOT #323.687-014, Light, SVP-2) and sales attendant (DOT #299.677-010, Light, SVP-2). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 4, 2011 through the date of this decision.

AR 14-23.

## IV. THE SUBSTANTIAL EVIDENCE STANDARD

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to

draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## V. DISCUSSION

Leonard argues the ALJ's decision is flawed for two reasons:

1. The ALJ's RFC assessment is not supported by work-related limitations from a treating or examining source.

2. The ALJ failed to properly evaluate Leonard's subjective allegations.

I will address these arguments separately below.

### A. RFC Determination

#### 1. Applicable Standards

The claimant's RFC is "what [the claimant] can still do" despite his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a)(1). "The ALJ must determine a claimant's RFC based on all of the relevant evidence." *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004). This includes "an individual's own description of [her] limitations." *McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2003) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). The claimant's RFC "is a medical question," *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001), and must be

7

supported by "some medical evidence." *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam). The medical evidence should address the claimant's "ability to function in the workplace." *Lewis*, 353 F.3d at 646. At step four, the claimant has the burden to prove his RFC and the ALJ determines the RFC based on all relevant evidence. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004).

The ALJ is not required to mechanically list and reject every possible limitation. *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). Furthermore, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). "[T]he ALJ may reject the conclusions of any medical expert, whether hired by a claimant or by the government, if inconsistent with the medical record as a whole." *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995). The RFC must only include those impairments which are substantially supported by the record as a whole. *Goose v. Apfel*, 238 F.3d 981, 985 (8th Cir. 2001); *see also Forte v. Barnhart*, 377 F.3d 892, 897 (8th Cir. 2004).

### *2.     The ALJ's Findings*

The ALJ found that Leonard had the RFC to perform light work. AR 17. She included the following limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that the claimant can occasionally lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand or walk for six hours in an 8-hour workday; sit for six hours in an 8-hour workday; push and pull, including the operation of hand and foot controls, is unlimited within the weight limits set forth for lifting and carrying; never climb ladders, ropes or scaffolds, but occasionally climb ramps and stairs; and frequently balance, but only occasionally stoop, kneel, crouch and crawl. Additionally, the claimant is limited to simple, routine tasks.

*Id.* In reaching this conclusion, the ALJ gave great weight to the opinions of the state agency's consultants, Drs. Larrison, Griffin and Ryan, finding that they were consistent with other substantial medical evidence of record. AR 21-22. The ALJ did not give great weight to the opinion of Dr. Hayes, finding it to be both conclusory and inconsistent with his own notes which indicate that Leonard's physical examinations were normal, including negative straight leg raises and normal gait, other than tenderness to palpation of the lumbosacral region of Leonard's spine, which is relatively minor.

### 3.   *Analysis*

I find that some medical evidence, indeed substantial evidence, supports the ALJ's residual functional capacity assessment, and her analysis as a whole. The ALJ considered the entire record, including medical opinions and lay statements, and determined that Leonard was capable of light work with some non-exertional limitations. AR 16-21. In addition, I find that the ALJ gave good reasons, supported by substantial evidence, for the limited weight afforded to Dr. Hayes' opinion. While an ALJ must normally give great weight to the opinion of a treating physician, where that opinion is inconsistent with the physician's own treatment notes, as well as with most other evidence in the record, that opinion may be discredited. *Lauer v. Apfel*, 245 F.3d 700, 706 (8th Cir. 2001). I agree with the ALJ that Dr. Hayes' opinion was inconsistent with his own notes, and also with the great weight of the other medical evidence, and thus the ALJ was within his discretion in disregarding it.

Leonard argues, however, that the ALJ was required as a matter of law under *Nevland v. Apfel*, 204 F.3d 853 (8th Cir. 2000), to obtain a treating or examining source medical opinion regarding her ability to perform work-related activities. In *Nevland*, the Commissioner made a Step Five determination that a claimant who could not perform past relevant work could, nonetheless, perform various jobs identified by a VE. *Id.* at 857. Various non-treating and non-examining physicians reviewed the claimant's records

9

and gave opinions about the claimant's RFC, which the ALJ then used in formulating hypothetical questions to a VE. *Id*. at 858. The Eighth Circuit Court of Appeals began its analysis as follows:

> In our circuit it is well settled law that once a claimant demonstrates that he or she is unable to do past relevant work, the burden of proof shifts to the Commissioner to prove, first that the claimant retains the residual functional capacity to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do. *McCoy v. Schweiker*, 683 F.2d 1138, 1146–47 (8th Cir. 1982) (en banc); *O'Leary v. Schweiker*, 710 F.2d 1334, 1338 (8th Cir. 1983). It is also well settled law that it is the duty of the ALJ to fully and fairly develop the record, even when, as in this case, the claimant is represented by counsel. *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983).

*Id*. at 857. The court then noted that while the record contained many treatment notes, none of the treating physicians provided opinions concerning the claimant's RFC. *Id*. at 858. The court then stated:

> In the case at bar, there is no *medical* evidence about how Nevland's impairments affect his ability to function now. The ALJ relied on the opinions of non-treating, non-examining physicians who reviewed the reports of the treating physicians to form an opinion of Nevland's RFC. In our opinion, this does not satisfy the ALJ's duty to fully and fairly develop the record. The opinions of doctors who have not examined the claimant ordinarily do not constitute substantial evidence on the record as a whole. *Jenkins v. Apfel,* 196 F.3d 922, 925 (8th Cir.1999). Likewise, the testimony of a vocational expert who responds to a hypothetical based on such evidence is not substantial evidence upon which to base a denial of benefits. *Id*. In our opinion, the ALJ should have sought such an opinion from Nevland's treating physicians or, in the alternative, ordered consultative examinations, including psychiatric and/or psychological evaluations to assess Nevland's mental and physical residual functional capacity. As this Court said in *Lund v. Weinberger*, 520 F.2d 782, 785 (8th Cir.1975): "An administrative law judge may not draw upon his own inferences from medical reports. *See Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir.1974); *Willem v. Richardson*, 490 F.2d 1247, 1248–49 n. 3 (8th Cir.1974)."

*Id*. [emphasis in original].

Here, in contrast to *Nevland*, the ALJ found that Leonard is capable of performing her past work, both as a cleaner (DOT #323.687-014, Light, SVP-2) and as a sales attendant (DOT #299.677-010, Light, SVP-2). Finding 6, AR 22.[1] Thus, the analysis ended at Step Four. The Eighth Circuit has consistently held that *Nevland* applies only in cases arising at Step Five of the sequential evaluation process. *See, e.g., Casey v. Astrue*, 503 F.3d 687 (8th Cir. 2007); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Moreover, this court has held that *Nevland* "does not compel remand in every case in which the administrative record lacks a treating doctor's opinion." *Hattig v. Colvin*, No. C12-4092 MWB, 2013 WL 6511866, at *10 (N.D. Iowa Dec. 12, 2013).

Leonard contends, however, that *Nevland* should apply at Step Four because it was premised on the ALJ's duty to fully and fairly develop the record. Doc. No. 11 at 10. As explained above, *Nevland's* holding applies only at Step Five due to the burden shifting that occurs at that step. Leonard is correct, however, that an ALJ does have a duty to develop the record fully and fairly, independent of the claimant's burden to press her case. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)). "[R]eversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." *Haley v. Massanari*, 258 F.3d 742, 750 (8th Cir. 2001). Ultimately, it is the claimant's burden to provide evidence of disability. *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009); *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) ("It is the claimant's burden to establish her RFC at step four.").

---

[1] Leonard states: "The ALJ determined that Leonard was unable to perform past relevant work as a cleaner and a sales attendant." Doc. No. 11 at 2. This is clearly wrong. The ALJ's express finding was: "The claimant is capable of performing past relevant work as a cleaner…and sales attendant…" AR 22.

11

Having carefully reviewed the record, I find that the ALJ was not obligated to obtain additional medical evidence. The existing medical evidence shows, *inter alia*, that Leonard had a normal gait (AR 355, 358, 499, 501, 502, 503, 522, 527, 535, 692, 698), normal motor function (AR 355, 356, 525, 531) and essentially-normal range of motion of the back (AR 502, 628). This evidence constitutes substantial evidence to support the ALJ's RFC findings. *See also Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002) ("Even though the opinion of a [reviewing] physician alone does not generally constitute substantial evidence, *see* [*Lauer v. Apfel*, 245 F.3d 700, 706 (8th Cir. 2001)], the ALJ did not rely solely on the opinion of the [reviewing] physician, but also conducted an independent review of the medical evidence."). The ALJ was not obligated to obtain additional medical evidence.

### B. *Subjective Allegations*

Leonard argues that the ALJ failed to properly consider her subjective allegations and the third-party statements of family members. She contends the ALJ discredited those allegations because she incorrectly relied on the fact that Leonard's allegations as to back pain are inconsistent with objective medical evidence in the file, the lack of sought treatment and Leonard's normal gait and station. She further contends that if her subjective allegations had been afforded the proper weight, a finding of disability would have been mandated. The Commissioner argues that the ALJ properly analyzed Leonard's subjective allegations as to her limitations and pain, as well as the other record evidence – including the medical evidence – which supports discounting her allegations.

#### 1. *Applicable Standards*

"The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). Accordingly, the court must "defer to the ALJ's determinations regarding the credibility

of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams*, 393 F.3d at 801 (8th Cir. 2005). An ALJ may discount a claimant's subjective complaints if there are inconsistencies in the record as a whole. *Id.* "An ALJ who rejects [subjective] complaints must make an express credibility determination explaining the reasons for discrediting the complaints." *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). To determine a claimant's credibility, the ALJ must consider:

(1) the claimant's daily activities;

(2) the duration, intensity, and frequency of pain;

(3) the precipitating and aggravating factors;

(4) the dosage, effectiveness, and side effects of medication; and

(5) any functional restrictions.

*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). "Other relevant factors include the claimant's relevant work history, and the absence of objective medical evidence to support the complaints." *Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (quoting *Wheeler v. Apfel*, 224 F.3d 891, 895 (8th Cir. 2000)). An ALJ may not discount a claimant's subjective complaints solely because they are unsupported by objective medical evidence. *Halverson v. Astrue*, 600 F.3d 922, 931-32 (8th Cir. 2010).

The ALJ is not required "'to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints.'" *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008) (quoting *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000)). If an ALJ discounts a claimant's subjective complaints, he or she is required to "detail the reasons for discrediting the testimony and set forth the inconsistencies found." *Ford v. Astrue*, 518 F.3d 979, 982 (quoting *Lewis*, 353 F.3d at 647). When an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, the court should normally defer to the ALJ's credibility determination. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). It is not the court's role to re-weigh the evidence. *See* 42 U.S.C. § 405(g); *see*

13

*also Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) ("[I]f, after reviewing the record, [the Court] find[s] that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Commissioner's] findings, [the Court] must affirm the decision of the Commissioner.") [citations and quotations omitted].

An ALJ may discount corroborating testimony on the same basis used to discredit the claimant's testimony. *See Black v. Apfel*, 143 F.3d 383, 387 (8th Cir. 2006); *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) (ALJ's failure to give specific reasons for disregarding testimony of claimant's husband was inconsequential, as same reasons ALJ gave to discredit claimant could serve as basis for discrediting husband).

### 2. *Analysis*

The ALJ noted that objective medical evidence did not support Leonard's allegations of having severe functional limitations due to back pain. AR 20. She pointed out that diagnostic imaging only revealed one multilevel facet arthropathy and lumbar disc bulge. *Id.* The absence of supporting evidence is a relevant factor in evaluating her allegations. *See Ward v. Heckler*, 786 F.2d 844, 847 (8th Cir. 1986). In addition, the ALJ observed that Leonard frequently had normal physical examinations and had negative straight leg raises and normal gait and station. AR 20. The ALJ also observed that Leonard's treatment was routine, with no recommendation for surgery and only outpatient care. *Id.* Such conservative treatment weighs against her credibility. *See Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Other evidence shows that Leonard did not follow through with her home exercise program and did not take Tylenol or Aleve, as her orthopedist recommended. AR 581, 690. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (a failure to follow a recommended course of treatment weighs against credibility). Accordingly, the ALJ was entitled to find that her allegations were not entirely credible. The ALJ was similarly entitled to discredit the third-party statements for the same reasons.

In short, the ALJ provided good reasons, supported by substantial evidence in the record as a whole, for her assessment of Leonard's credibility. As such, the court may not re-weigh the evidence.

## VI. CONCLUSION

After a thorough review of the entire record and in accordance with the standard of review I must follow, I conclude that the ALJ's determination that Leonard was not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the final decision of the Commissioner is **affirmed**. Judgment shall enter against Leonard and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 28th day of January, 2016.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE